Randy K. DeYARMAN, a minor, by his next friend, Ronald K. DeYarman, et al., Appellants,

v.

STATE of Iowa, Appellee.

No. 2–56100.

Supreme Court of Iowa.

Feb. 19, 1975.

Michael L. Huston, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., and John E. Beamer, Sp. Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

This case involves five claims for damages arising out of an automobile accident. Plaintiffs seek recovery on the ground the State was negligent in the construction and maintenance of the shoulders abutting the highway where the accident occurred. Plaintiffs appeal from an adverse judgment, holding the State free from liability. We affirm the trial court.

On July 29, 1967, an automobile driven by plaintiff Ronald K. DeYarman and one driven by William C. Marlin, proceeding in opposite directions on Highway 218, collided almost head-on. Just prior to the collision, Marlin's right wheels (or one of them) had dropped off the pavement onto the shoulder of the road. As he came back onto the pavement, he crossed the center line into the path of the DeYarman car. DeYarman's efforts to avoid the Marlin car were unsuccessful, and the two vehicles met on DeYarman's side of the road with resulting injuries to all occupants of the DeYarman car.

Plaintiffs claim the negligent condition of the shoulder caused Marlin to lose control of his car, thus causing the accident for which they say the State must bear responsibility. The trial court found the State was negligent; but it also found such negligence was not a proximate cause of the accident. This is the finding which plaintiffs dispute. It is, indeed, the issue upon which this case turns.

By agreement trial was limited to a determination of liability, with the question of damages reserved for later proof in the event that became necessary. Although there were 17 witnesses, numerous exhibits, and 500 pages of transcript, the issues presented are few in number and limited in scope. Plaintiffs claim (1) the trial court applied an erroneous rule of law in ruling on proximate cause and (2) there was no substantial evidence to support the trial court's findings.

The Iowa Tort Claims Act (Chapter 25A, The Code) provides that claims against the State are triable to the court without a jury. See § 25A.4, The Code. Under such circumstances, the trial court's findings of fact are binding on us if supported by substantial evidence. Rule 344(f) 1, Rules of Civil Procedure; Farmers Insurance Group v. Merryweather, 214 N.W.2d 184, 186 (Iowa 1974).

Several other applicable rules should be stated. Our review is not de novo, but only on errors assigned. We view the evidence in its light most favorable to the judgment, and we construe the findings of the trial court liberally to uphold, rather than defeat, the result reached. Long v. Glidden Mutual Insurance Association, 215 N.W.2d 271, 272 (Iowa 1974); Farmers Insurance Group v. Merryweather, supra, 214 N.W.2d at 186; Frantz v. Knights of Columbus, 205 N.W.2d 705, 708 (Iowa 1973); Northrup v. Foster, 204 N.W.2d 889, 891 (Iowa 1973); Reichle v. Zeman, 204 N.W.2d 636, 637 (Iowa 1973).

I. Plaintiffs' first complaint urges us to reverse this judgment because the trial court applied the wrong legal standard in ruling the State's negligence was not a proximate cause of the accident. They argue the trial court erroneously held there could be only one proximate cause; and that Marlin's negligence was impliedly found to have proximately caused the accident, leading to the incorrect conclusion the State's negligence could not therefore have been the legal cause of the accident. In connection with this argument, plaintiffs claim the trial court also wrongly found Marlin's negligence was a superseding

cause which relieved the State of liability. We believe plaintiffs completely misconstrue the trial court's findings.

■ It is apparent the court was quite aware of the rule there may be more than one proximate cause and that concurring negligence, if each meets the proximate cause test, may render several tort-feasors jointly and severally liable. See Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa 1970); Adams v. Deur, 173 N.W.2d 100, 111 (Iowa 1969); Osterfoss v. Illinois Central Railroad, 215 N.W.2d 233, 238 (Iowa 1974). The trial court pointedly referred to this rule during the course of the trial, and its findings of fact and conclusions of law are couched in language clearly demonstrating the correct rule was used in fixing proximate cause.

Plaintiffs devote much of their written brief to persuade us the trial court decided the case on the theory Marlin's negligence was a superseding cause which relieved the State of liability. That was not the trial court's rationale at all, and the record reflects nothing to support such an argument. There was simply a finding that under the evidence the State's negligence was not a proximate cause of the accident.

We reject plaintiffs' argument the trial court applied an erroneous legal standard in reaching its proximate cause conclusion.

II. We next consider plaintiffs' claim there was no substantial evidence to support the findings made.

■ Ordinarily negligence and proximate cause are matters to be determined by the trier of fact and only in exceptional cases may they be settled as questions of law. Rule 344(f) 10, R.C.P., Ruan Transportation Corp. v. Jacobs, 216 N.W.2d 182, 185 (Iowa 1974); Osterfoss v. Illinois Central Railroad, supra, 215 N.W.2d at 238.

■ Even though negligence is established, it does not necessarily follow that proximate cause exists. This is a question to be separately determined. Kastler v. Iowa Methodist Hospital, 193 N.W.2d 98, 103 (Iowa 1971); Robeson v. Dilts, 170 N.W.2d 408, 412 (Iowa 1969).

Three witnesses gave eyewitness testimony, and their evidence is conflicting. The versions given by Mr. DeYarman and Mr. Marlin would unquestionably have supported a finding against the State on the issue of proximate cause; but there was ample evidence to dispute them from Yvonne Lawrence, the only truly disinterested witness. In substance she testified as follows: She was four or five car lengths behind the Marlin car as it proceeded north on Highway 218. The weather was bad. It had been raining hard and the road was wet and "slick." The shoulder was muddy. At the time of the accident, the hard rain had stopped but it was still misting. Her attention was first attracted to the Marlin car as it came out of a curve shortly before the accident. At that time, the back end began to sway back and forth; or, as it was sometimes described, the car started to fishtail. Other evidence established the rear tires on Marlin's car were badly worn, with the tread almost completely gone. Mrs. Lawrence saw the right rear wheel leave the pavement and drop off onto the shoulder of the road. She said this is the only part of the vehicle not on the paved highway. After proceeding for a short distance with one wheel off the road, the Marlin car veered sharply across the road into the path of the DeYarman vehicle. They collided almost head-on.

Mrs. Lawrence was positive the Marlin car was fishtailing before the right rear wheel left the pavement. She was equally certain there was nothing about the existing conditions which caused Marlin to veer across the road. She said it looked as though he "was just driving that way." She testified that he was "in trouble" before his rear wheel left the road and that the trouble continued right up to the point of impact.

We believe this evidence permitted the trial court to conclude the Marlin car was out of control as Mr. Marlin was attempting to negotiate a curve on the wet and slippery

highway; that this maneuver caused his right rear wheel to leave the pavement and drop off onto the shoulder of the road; that Mr. Marlin never again regained control of his car; and that the condition of the shoulder was not a substantial factor in bringing about the accident and resulting injuries. See Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa 1970).

It is the prerogative of the trier of fact to determine which evidence is entitled to belief. The testimony of Mrs. Lawrence was contrary to that of both Mr. Marlin and Mr. DeYarman. They are the only three persons to give direct testimony of the critical events preceding the accident. We do not assess the credibility of the various witnesses; we merely decide if there was substantial evidence to support the finding of the trial court according to those witnesses whom he believed.

In view of Mrs. Lawrence's version of the events preceding the accident, we cannot say the State's negligence was a proximate cause of this accident as a matter of law. Yet this is what we would be required to do if plaintiff were to prevail.

Plaintiffs make much of the fact the trial court mentioned particularly the testimony of Mr. Marlin that he got safely out of the shoulder rut before attempting to ease his vehicle back onto the highway. From this the trial court concluded the condition of the rut did not cause the Marlin vehicle to go out of control. Plaintiffs argue this demonstrates the trial court used the superseding cause test in fixing proximate cause. We do not agree. In the first place, plaintiffs place far too much emphasis on this comment by the trial court about one bit of evidence. Secondly, we believe the testimony ties in with Mrs. Lawrence's version and substantiates, rather than refutes, the finding the negligence of the State was not a proximate cause of the accident.

While it is true an opposite conclusion might have been reached, we cannot say, as plaintiffs would have us do, such a result is the only possible one as a matter of law.

Plaintiffs rely strongly on Stanley v. State of Iowa, 197 N.W.2d 599 (Iowa 1972), which also involved a claim against the State for negligent maintenance of a road and its shoulders. We there sustained the findings of the trial court holding the State was liable. The rationale of that case is equally applicable here, only now the trial court's decision is for, rather than against, the State. We see no comfort for the plaintiffs from that opinion.

The judgment of the trial court is affirmed.

Affirmed.