Jane DOE; Her Husband John Doe; and Their Minor Children, Jane Doe I and II, and John Doe I, II, and III, By Their Next Friends Jane and John Doe, Plaintiffs,

v.

Gordon CHERWITZ and The Davenport Clinic, Defendants.

No. 93–1269.

Supreme Court of Iowa.

June 22, 1994.

Robert J. Noe, Richard M. Batcher, and Jeffrey C. Kull of Bozeman, Neighbour, Patton & Noe, Moline, IL, for defendant-movant Gordon Cherwitz.

James R. Snyder, James M. Peters, and Webb L. Wassmer of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, and Charles E. Miller and Amy H. Snyder for Lane & Waterman, Davenport, for defendant-movant The Davenport Clinic.

Roxanne Barton Conlin of Roxanne Barton Conlin Law Firm, Des Moines, for plaintiffs-respondents.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

■ Jane Doe alleges that she was sexually assaulted in 1973 by Dr. Gordon Cherwitz during a pelvic examination at the Davenport Clinic. In 1992 Doe, with her husband and children, sued Cherwitz and the clinic. The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim upon which relief can be granted, based on Iowa's two-year statute of limitations. *See* Iowa Code § 614.1(2) (1991).

In resisting the motion, the plaintiffs rely on 1990 Iowa Acts chapter 1241, section 3 (codified as Iowa Code section 614.8A (1993)) and the common-law "discovery rule" of *Chrischilles v. Griswold*, 260 Iowa 453, 150 N.W.2d 94 (1967), and *Callahan v. State*, 464 N.W.2d 268 (Iowa 1990).

The federal district court certified these questions to us pursuant to Iowa Code chapter 684A and local rule 23 of the United States District Court for the Northern and Southern Districts of Iowa: (1) Is a person who was eighteen years old on June 1, 1973, the date of this alleged event, a "person who was a child" within the meaning of Iowa Code section 614.8A? (2) If the answer to question 1 is "yes," does Iowa Code section 614.8A apply retroactively to revive a claim that may have been barred by Iowa Code section 614.1(2)? (3) If the answers to both questions 1 and 2 are "yes," does the phrase "an action for damages or injuries suffered as a result of sexual abuse" in section 614.8A encompass claims other than a direct claim of sexual abuse, *i.e.*, would it include such claims as negligent infliction of severe emotional distress, negligence, respondeat superior, and premises liability as included in the plaintiffs' complaint? (4) If the answer to either question 1 or 2 is "no," is the "discovery" rule of *Chrischilles v. Griswold*, 260 Iowa 453, 150 N.W.2d 94 (1967), and its progeny available to show that these claims did not "accrue" until the victim's January 1991 flashbacks? (5) Does the spouse of a person sexually abused prior to their marriage have a claim for loss of spousal consortium? (6) Does a minor child of a person sexually abused prior to conception and birth of the child have a claim for loss of parental consortium? (7) If the answer to question 5 or 6 is "yes," would such consortium claim or claims be subject to the same statute-of-limitations laws as govern the claims of a sexually abused person? (8) If plaintiff Jane Doe's claims are not time barred, does Iowa law recognize the tort of negligent infliction of severe emotional distress?

I. *Application of Section 614.8A (1993).*

Section 614.8A of the 1993 Code, enacted in 1990, provides:

An action for damages for injury suffered as a result of sexual abuse which occurred *when the injured person was a child*, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

(Emphasis added.)

The pivotal question in applying section 614.8A is whether Jane Doe, at eighteen years of age, was a "child" when the acts allegedly occurred. Section 614.8A does not define either "child" or "sexual abuse." In 1973, when the act allegedly occurred, the age of majority was nineteen. The plaintiffs argue that the victim, as a minor, was a "child" for purposes of applying section 614.-8A. The defendants respond that the legislature purposely chose the word "child" and not "minor" in order to distinguish the two and that it did not intend that an eighteen year old would be treated as a "child."

Section 614.8A was enacted as section 2 of chapter 1241 of the Acts of the Seventy–Third General Assembly. The first section of that Act, now found in Iowa Code section 668.15, is not directly involved in this case. But, that section sheds light on the meaning of "child" and "sexual abuse" as those terms are found in the second section of the Act.

The first section of the 1990 Act provides:

In a civil action alleging conduct which constitutes sexual abuse *as defined in section 709.1*, sexual assault or sexual harassment, a party seeking discovery of information concerning the plaintiff's sexual conduct with persons other than the person who committed the alleged act of sexual abuse, as defined in section 709.1, sexual assault, or sexual harassment, must establish specific facts showing good cause for that discovery, and that the information sought is relevant to the subject matter of the action and reasonably calculated to

lead to the discovery of admissible evidence.

(Emphasis added.)

Iowa Code section 709.1 defines "sexual abuse":

> Any sex act between persons is sexual abuse by either of the participants when the act is performed with the other participant in any of the following circumstances:
> 1. The act is done by force or against the will of the other....
> 2. Such other participant is suffering from a mental defect or incapacity....
> 3. Such other participant is a *child.*

(Emphasis added.)

"Child," in turn, is defined in Iowa Code section 702.5 as "any person under the age of fourteen years." We believe the 1990 Act makes it clear that the terms "sexual abuse" and "child" are to be defined by the criminal code and that "child" for these purposes means one under the age of fourteen.

As an eighteen year old at the time of the alleged act, Jane Doe was not a "child" under section 614.8A. This holding makes it unnecessary to address the second and third certified questions, which relate to the retroactive application of section 614.8A and the application of that statute to claims against defendants other than Cherwitz.

## II. *The Common–Law Discovery Rule.*

■ The plaintiffs contend that, if they are not covered by section 614.8A, they may nevertheless rely on our common-law discovery rule to avoid the statute of limitations. Under the traditional discovery rule,

> a cause of action based on negligence does not accrue until [the] plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it.

*Chrischilles,* 260 Iowa at 463, 150 N.W.2d at 100.

In *Callahan v. State,* 464 N.W.2d 268 (Iowa 1990), we applied the common-law discovery rule in a sexual abuse case filed under the state tort claims act, Iowa Code ch. 25A (1987). In that case, a four-year-old child had allegedly been sexually abused at the Iowa School for the Deaf beginning in 1981. His mother did not discover the abuse until 1988, when the child disclosed it under intensive counseling. His mother filed suit, and the State moved to dismiss it under the statute of limitations.

In *Callahan,* we noted the phenomenon of the "posttraumatic stress disorder" (PTSD), which tends to cause victims to repress information regarding abuse and to make discovery by others difficult. *Id.* at 271. We held that, based on our general discovery rule, the claim did not "accrue" under the statute of limitations until the plaintiff knew or under the exercise of reasonable care should have known both the fact of the injury and its cause. *Id.* at 273.

We conclude that the common-law discovery rule, as adopted in *Chrischilles* and followed in *Callahan,* should apply here. The claim accrued for statute-of-limitation purposes when the alleged victim discovered the injury or, in the exercise of reasonable care, should have discovered it. The burden of proof is on the plaintiff. *Callahan,* 464 N.W.2d at 273.

## III. *The Consortium Claims.*

■ Jane Doe's husband and children have asserted claims for the loss of Jane Doe's consortium as wife and mother. The defendants respond that as a matter of law the claims cannot be recognized because the alleged act occurred before the marriage and the conception of the children.

The general rule is that a spousal claim for loss of consortium requires a marital relationship. *Gillespie–Linton v. Miles,* 58 Md. App. 484, 473 A.2d 947 (1984); *Sawyer v. Bailey,* 413 A.2d 165 (Me.1980); *Childers v. Shannon,* 183 N.J.Super. 591, 444 A.2d 1141 (1982); *Metauro v. Abbott Lab.,* 146 Misc.2d 537, 551 N.Y.S.2d 444 (1990).

> A marriage relationship between the parties must exist at the time one of the parties is injured in order for the other party to have a cause of action for loss of consortium. Thus, the right to recover for loss of consortium does not inhere in a person not married to his or her consort who is injured.

41 C.J.S. *Husband & Wife* § 117, at 412–13 (1991); *accord* Restatement (Second) of Torts § 693 cmt. h (1977); 41 Am.Jur.2d *Husband & Wife* § 447, at 373–74 (1968).

In general, courts have denied recovery for loss of consortium where the injury occurs before the marriage. Frequently observing that the right of consortium grows out of the marital relationship, these courts have refused to allow recovery for loss of consortium on the ground that the respective spouses were not married at the time of the injury.

Charles Plovanich, Annotation, *Recovery for Loss of Consortium for Injury Occurring Prior to Marriage,* 5 A.L.R.4th 300, 301 (1981).

We have refused to recognize a claim for loss of consortium by a cohabiting partner in a marriage-like relationship. *Laws v. Griep,* 332 N.W.2d 339, 341 (Iowa 1983). The rationale of *Laws* was that for policy reasons "persons who do not accept the legal responsibilities of marriage should [not] have a legal right of married persons. The policy of this state is that the *de jure* family is the basic unit of social order." *Id.* at 340–41. *See generally* Sonja A. Soehnel, Annotation, *Action for Loss of Consortium Based on Nonmarital Cohabitation,* 40 A.L.R.4th 553 (1985).

The plaintiffs acknowledge the general rule denying recovery for premarital wrongs, but they contend that any claim for loss of consortium could not have "accrued" until, after her marriage, Jane Doe first became aware of it. *See Callahan,* 464 N.W.2d at 270–73.

Other courts have allowed recovery for loss of consortium when the original act occurred prior to marriage if the damage was not discovered until afterward. *See, e.g., Kociemba v. G.D. Searle & Co.,* 683 F.Supp. 1577, 1578–82 (D.Minn.1988); *Aldredge v. Whitney,* 591 So.2d 1201, 1205 (La.App.1991); *Furby v. Raymark Indus., Inc.,* 154 Mich. App. 339, 346–47, 397 N.W.2d 303, 306 (1986).

We do not choose to follow these cases. The discovery rule has been adopted to ameliorate the harsh results of a statute of limitations when the injury was unknown and basically unknowable. *See Urie v. Thompson,* 337 U.S. 163, 169, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282, 1292 (1949); W. Page Keeton, *Prosser & Keeton on the Law of Torts* § 29, at 163–64 (5th ed. 1984).

The discovery rule anticipates that the claimant had a valid cause of action within the period of limitations, but for some reason, was unaware of it. Here, because there was no marital relation between Jane and John Doe, there was no cause of action within the period of limitations, and the discovery rule cannot create one when none had ever existed during the period of limitations. *See Anderson v. Eli Lilly & Co.,* 79 N.Y.2d 797, 798, 580 N.Y.S.2d 168, 170, 588 N.E.2d 66, 68 (1991). The same is true with respect to the claim by Jane Doe's children.

We conclude that, in response to questions 5 and 6, neither the spouse nor the minor children have a claim for loss of consortium. This resolution makes it unnecessary to decide question 7.

### IV. The Claim For Negligent Infliction of Emotional Distress.

■ The last question is whether, if Jane Doe's claims are not time barred, will Iowa recognize the tort of negligent infliction of severe emotional distress. The plaintiffs rely on Restatement (Second) of Torts section 313 to establish this ground of liability.

While we have recognized emotional distress as an element of damages, *e.g., Niblo v. Parr Mfg., Inc.,* 445 N.W.2d 351, 357 (Iowa 1989), we have declined to recognize section 313 as an independent ground of liability. *Cutler v. Klass, Whicher & Mishne,* 473 N.W.2d 178, 182–83 (Iowa 1991). We adhere to that rule here and answer this question in the negative.

### V. Summary.

In summary, we answer the questions as follows: (1) A person eighteen years old on June 1, 1973, was not a "person who was a child" under Iowa Code section 614.8A. (2) The discovery rule of *Chrischilles* is applicable in this case. (3) Neither the spouse nor the children of Jane Doe have a valid claim for loss of consortium. (4) Iowa does not

recognize the tort of negligent infliction of severe emotional distress.

QUESTIONS ANSWERED.

All Justices concur except CARTER, J., who dissents from Division II without opinion.