WIGGINS, Justice
(dissenting).
I dissent. I agree with the court that we have previously defined “child” in Iowa Code section 614.8A to mean a person under fourteen years old. Doe v. Cherwitz, 518 N.W.2d 362, 364 (Iowa 1994). I also acknowledge that under the principles of stare decisis, we are obligated to follow prior precedent and should not overturn a prior decision merely because we may interpret the statute differently than our predecessors. State v. Bruce, 795 N.W.2d 1, 3 (Iowa 2011). However, it is our obligation to revisit a prior decision of our court if we conclude the previous decision is unsound. Id. I believe our prior interpretation of section 614.8A is unsound and needs revisiting. Before doing so, it is first necessary to comment on our prior decisions on this statute.
*361 As the court points out, we first decided this issue in 1994. See Cherwitz, 518 N.W.2d at 864. There, we contemplated the entire amendment and concluded the word “child” in section 614.8A should be defined as it is defined in section 702.5 of the criminal code. Id. At the time of the Cherwitz decision, this court sat in panels. Although the panel decided Cherwitz unanimously, we did not make the decision by deliberating as a whole.
Two months later, another five-member panel of the court cited to Cherwitz. See Claus v. Whyle, 526 N.W.2d 519, 524 (Iowa 1994). This panel included three members of the Cherwitz panel. Id. at 520. In Claus, the plaintiff was thirteen years old at the time of the alleged abuse. Id. at 524. Thus, the court held the statute of limitations did not bar her cause of action because she was under the age of fourteen at the time of her alleged sexual abuse. Id. The Claus case did nothing to further or reaffirm our interpretation of section 614.8A from Cherwitz because a reexamination of our prior interpretation was not necessary to decide the statute of limitations did not bar the plaintiffs cause of action.
Finally, in 1996 the same panel of judges who decided Cherwitz held section 614A.8 did not apply to a fifteen year old. Borchard v. Anderson, 542 N.W.2d 247, 248, 250 (Iowa 1996). The panel reached this conclusion without any further analysis. See id. at 250. Additionally, there is no indication the plaintiff asked the court to reconsider its decision in Cherwitz. See id. We have not revisited our interpretation of section 614.8A for almost twenty years.
Turning to the merits, I believe we wrongly decided the interpretation of section 614.8A in Cherwitz. The house file adopting section 614.8A had two sections. It provided:
Section 1. Section 668.15, Code Supplement 1989, is amended to read as follows:
668.15 DAMAGES RESULTING FROM SEXUAL ABUSE - EVIDENCE.
1. In a civil action alleging conduct which constitutes sexual abuse, as defined in section 709.1, sexual assault, or sexual harassment, a party seeking discovery of information concerning the plaintiffs sexual conduct with persons other than the person who committed the alleged act of sexual abuse, as defined in section 709.1, sexual assault, or sexual harassment, must establish specific facts showing good cause for that discovery, and that the information sought is relevant to the subject matter of the action and reasonably calculated to lead in the discovery of admissible evidence.
2. In an action against a person accused of sexual abuse, as defined in section 709.1, sexual assault, or sexual harassment, by an alleged victim of the sexual abuse, sexual assault, or sexual harassment, for damages arising from an injury resulting from the act-of-sexual abuse alleged conduct, evidence concerning the past sexual behavior of the alleged victim is not admissible.
Sec. 2. NEW SECTION. 614.8A DAMAGES FOR CHILD SEXUAL ABUSE - TIME LIMITATION.
An action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse. *362 1990 Iowa Acts ch. 1241. In the first section, the underlined language is new language, while the language with the strikethrough is language stricken from the prior statute.
A close examination of this amendment reveals a number of factors indicating Cherwitz was wrongly decided. First, the first section of House File 2268 is a discovery and evidentiary rule; it is not substantive law. The second section is substantive law. For this reason, the legislature’s reference to section 709.1 in the first section’s procedural rule does not mean the legislature necessarily incorporated section 709.1 in the second section’s substantive rule. Moreover, the legislature chose to cite specifically to section 709.1 in the first section, but failed to do so in the second section. This leads me to believe the legislature never intended to apply the definition of child in section 709.1 to the second section. The legislature could have made its intent clear by referencing section 709.1 in the second section, but did not do so.
Further, the panel in Cherwitz ignored a guiding principle of interpretation when it decided Cherwitz. We have said a guiding principle of interpretation when we interpret a statute of limitations is that “[c]ourts do not favor statutes of limitations.” Welp v. Iowa Dep’t of Revenue, 388 N.W.2d 481, 484 (Iowa 1983). When we can interpret a limitations statute in two possible ways, we prefer and apply the interpretation that gives the litigant the longer period of time to seek relief. Id.
The common meaning of child is “[a] person under the age of majority.” Black’s Law Dictionary 271 (9th ed.2009). Our Code defines child in the same way when defining to whom our child protection laws apply. See Iowa Code § 232.68(1) (2005) (“‘Child’ means any person under the age of eighteen years.”); id. § 234.1(2) (“‘Child’ means either a person less than eighteen years of age or a person eighteen or nineteen years of age” who meets certain conditions); id. § 235.1(2) (“Child” means the same as “defined in section 234.1.”); id. § 252B.1(2) (“‘Child’ ... means a child actually or apparently under eighteen years of age.... ”). When the legislature failed to include the section 709.1 definition of child in section 614.8A, we should apply the common meaning of child in interpreting section 614.8A. By giving child its common meaning, we are interpreting section 614.8A in a way that gives the litigant the longer period to seek relief.
Lastly, the legislature’s inaction since our decision does not prevent us from reexamining our position. As we have previously stated:
It is, of course, the role of the legislature to write statutes, and it is our role to interpret them based on their application in the course of litigation. Moreover, the legislature can rewrite a statute to reflect its intent when it does not believe our interpretation in a particular case has accomplished this goal. Yet, these general principles of separation of powers and fundamental duties do not totally absolve us from our continued responsibility to interpret applicable statutes in each case and, more importantly, to revisit our past interpretations if we are convinced they have not clearly captured the intent of our legislature. We adhere to precedent, but also remain committed to clarifying the law as we work with our precedent. When our interpretation of a statute has created problems in the application of the statute to subsequent cases, we should be willing to reexamine our precedent to see if our understanding of the legislative intent can be better articulated.
Rathje v. Mercy Hosp., 745 N.W.2d 443, 447 (Iowa 2008). Although stare decisis is *363 important to maintain the rule of law, we should not use stare decisis to maintain a clearly erroneous statutory interpretation just because we used that interpretation in the past. Kersten Co., Inc. v. Dep’t of Soc. Servs., 207 N.W.2d 117, 121 (Iowa 1973).
Thus, I would affirm the judgment of the district court and allow this matter to proceed to trial.
HECHT and APPEL, JJ., join this dissent.