**IN THE COURT OF APPEALS OF IOWA**

No. 21-0487
Filed March 2, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICK PETRO,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.


Rick Petro appeals the extension of a no-contact order prohibiting him from contacting his former spouse. **AFFIRMED.**


Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Rick Petro appeals the five-year extension of a criminal no contact order under Iowa Code section 664A.8 (2021). He contends the court should have found, based on his testimony, that he no longer poses a threat to the safety of his former spouse. Because substantial evidence in the record supports the district court's perception of a continuing threat, we affirm.

## I.     Background Facts & Proceedings

The district court initially entered a no-contact order against Rick in August 2009 after he assaulted his wife, Suella Petro. The State charged him with domestic-abuse assault causing bodily injury, as well as first-degree harassment, based on his threat to kill Suella. In December 2009, Rick pled guilty to an amended charge of assault causing bodily injury in violation of Iowa Code section 708.2(2). Upon sentencing in January 2010, the court entered a no-contact order for one year and imposed a prohibition against possessing firearms.

In April 2010, Rick stipulated to his violation of the no-contact order when he made threatening statements about Suella in the presence of a social worker. Specifically, Rick stated that "if his wife didn't 'keep her mouth shut [he was] going to take a fucking ball bat to her head.'" Suella obtained a five-year extension of the no-contact order in February 2011.

Rick again violated the no-contact order in April 2011 when he directly addressed Suella in the courtroom during his termination-of-parental-rights hearing. Another five-year extension of the no-contact order was granted by the district court in 2016 and later affirmed on appeal. *See State v. Petro*, No. 16-1215, 2017 WL 1735894, at *1 (Iowa Ct. App. May 7, 2017).

Suella timely applied for a five-year extension again in 2021. She testified that she was still afraid of Rick because she was "knocked around for almost nine years" and they both still live in the same small town. While there had not been any recently reported violations of the no-contact order, Suella also shared her belief that Rick had sent his parents to take pictures of her home and recounted having seen him at a Chinese restaurant, at which time she paid and left immediately. Rick claimed not to have seen Suella at the restaurant. The district court granted the five-year extension, and Rick filed the notice of appeal now before us.

## II.      Form of Review

The State asserts the extension order was not a final judgment appealable by right. *See* Iowa Code § 814.6(1)(a) (affording right of appeal from final judgment). Because the State concedes that we may treat Rick's notice of appeal as a petition for certiorari, we need not address this issue. In fact, "[w]e have analogized orders entered under chapter 664A to temporary injunctions and have stated temporary injunctions usually deprive the unsuccessful party of some right which cannot be protected by an appeal from the final judgment." *State v. Dowell*, No. 13-1269, 2015 WL 4158758, at *1 (Iowa Ct. App. July 9, 2015) (citation and internal quotations omitted). Accordingly, we treat Rick's notice of appeal as an application for discretionary review and grant the application. *See* Iowa R. App. P. 6.108; *Huber v. Iowa Dist. Ct.*, No. 20-0639, 2021 WL 4592734, at *1 (Iowa Ct. App. Oct. 6, 2021).

### III.    Scope & Standard of Review

Our review is for correction of errors at law.  *See* Iowa R. App. P. 6.907; *Davis v. Iowa Dist. Ct.*, 943 N.W.2d 58, 61 (Iowa 2020).  Factual findings by the district court are binding upon us if backed by substantial evidence.  *See* Iowa R. App. P. 6.904(3).  "Evidence is substantial if reasonable minds could accept it as adequate to reach the same findings."  *Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417 (Iowa 1997).  When issues of fact depend on witness credibility, we look to the district court's assessment as to their veracity.  *See Claus v. Whyle*, 526 N.W.2d 519, 524 (Iowa 1994).

### IV.    Analysis

Upon timely application, a no-contact order shall be extended for five years "unless the court finds that the defendant no longer poses a threat to the safety of the victim, persons residing with the victim, or members of the victim's family."  Iowa Code § 664A.8.  This section mandates extension of the protective period unless the court finds evidence in the record establishing contact could now occur without any continuing risk of harm.  Here, the district court made no such finding.

Rather, the district court found Rick is still a threat to Suella's safety.  The court cited Suella's testimony that Rick's parents have driven by her home without cause and her belief that Rick sent them there.  Since Rick testified to the contrary, the court impliedly found Suella more credible.  The court also noted concern about Rick's desire to have his right to bear arms reinstated.

Admittedly, no reported violations have ensued during the latest five-year period.  However, "mere compliance with the terms of a no-contact order, while important, should [not] by itself foreclose the possibility of the extension of a no-

contact order. This would be particularly true if the original conduct at issue involved violence or the threat of violence." *Vance v. Iowa Dist. Ct.*, 907 N.W.2d 473, 483 (Iowa 2018). Here, the original conduct and a subsequent violation did involve violence and the threat of violence.

Nonetheless, "if the defendant proves by a preponderance of the evidence that he or she no longer poses a threat to the protected persons, the court should not extend the no-contact order for an additional five years." *Id.* at 482. Rick offered nothing more than his own testimony to support his contention that he no longer poses a threat to Suella. While Rick explained the inconveniences he has faced in his personal life due to the no-contact order, the court need not consider these impacts in determining whether he still poses a threat. *See id.*; *Petro*, 2017 WL 1735894, at *4. The nature of the conduct giving rise to the no-contact order and the defendant's credibility are permissible considerations. *See Huber*, 2021 WL 4592734, at *3; *Wendt v. Mead*, No. 16-0928, 2017 WL 510972, at *2 (Iowa Ct. App. Feb. 8, 2017). Based on the record, we find that substantial evidence supports the district court's conclusion. Therefore, we affirm the five-year extension of the no-contact order.

**AFFIRMED.**

Bower, C.J., concurs; Vaitheswaran, J., dissents.

**VAITHESWARAN, J.** (dissenting)

I respectfully dissent. The 2021 order extending the no-contact order was based on Suella Petro's assertion that Rick Petro's parents drove by her home "without cause" at Rick's behest. Suella admitted the incident happened before 2016, and she admitted she did not see Rick with them. I would conclude there is insubstantial evidence to support extension of the no-contact order.