Gail ALTENA, Plaintiff–Appellee,

v.

Senard ALTENA, Defendant–Appellant.

No. 87–847.

Court of Appeals of Iowa.

June 29, 1988.

Michael P. Jacobs of Kindig, Beebe, Rawlings, Nieland, Probasco & Killinger, Sioux City, and Lloyd W. Bierma of Oostra, Bierma & Schouten, Sioux City, for defendant-appellant.

Randall Albert Roos, Sioux Center, for plaintiff-appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Defendant appeals from a jury verdict in favor of plaintiff wherein plaintiff asserted she suffered psychological injury after allegedly being sexually abused by defendant. We dismiss the case.

Plaintiff, Gail Altena, was a twenty-one-year-old student at Dordt College in Sioux Center, Iowa, in the fall of 1982. She rented a basement apartment from the defendant, Senard Altena, who was her father's fifty-five-year-old cousin. Shortly after renting the apartment, plaintiff and defendant became involved in sexual activities. Plaintiff contends the sexual activities were against her will but that she was too confused, naive, immature, and depressed to effectively resist defendant's advances. Defendant contends the sexual activities were consensual. Plaintiff subsequently moved out of the apartment and was hospitalized for depression; emotional distress, and suicidal tendencies, which she asserts were caused by the undesired sexual contact with defendant. Plaintiff filed suit against defendant, and a jury found in favor of plaintiff on her claims of sexual abuse and intentional infliction of emotional distress. Defendant has appealed.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. Findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

The events which plaintiff alleges caused her injuries occurred in the fall of 1982. Iowa Code section 614.1(2) provides that plaintiff had two years from her injury to file suit. Plaintiff filed this action in March 1986. Defendant contends the district court should have dismissed the lawsuit on the grounds it was not filed within the two-year time limitation period for personal injury torts. However, plaintiff contends she falls under the exception set forth as follows in Iowa Code section 614.8:

> The times limited for actions ... shall be extended in favor of ... mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action.

Iowa Code section 4.1(6) defines "mentally ill" as follows:

> **Mentally ill.** The words "mentally ill person" include mental retardates, psychotic persons, severely depressed persons and persons of unsound mind. A person who is hospitalized or detained for treatment of mental illness shall not be deemed or presumed to be incompetent in the absence of a finding of incompetence made pursuant to § 229.27.

The jury instruction given in this case set forth only the first sentence of section 4.1(6).

The district court denied defendant's motion for summary judgment, motion for directed verdict, and motion for judgment notwithstanding verdict. The court held that a genuine issue of material fact existed concerning the availability of the "mental illness exception" to the statute of limitations. The jury found that plaintiff had been mentally ill from the time of the sexual abuse until less than a year before her suit was filed, thus having the effect of concluding that the lawsuit was timely filed.

In his appeal defendant does not argue about the weight of the evidence, but argues there was no evidence to submit to the jury the question of whether plaintiff was mentally ill. Defendant concedes plaintiff may have been depressed and suicidal, but argues there was no evidence to show plaintiff was "severely depressed" as that term is used in Iowa Code section 4.1(6) and the given jury instruction or that she lacked legal competence; defendant further asserts no expert ever testified plaintiff was mentally ill nor was there such an adjudication.

In *Dautremont v. Broadlawns Hospital*, 827 F.2d 291, 296 (8th Cir.1987), the plaintiff, who suffered from schizophrenia, paranoid type, maintained a fact issue existed as to whether he was mentally disabled for purposes of Iowa's tolling statute; he argued the limitations period was tolled until the first day after his hospitalization on which he was found to be no longer impaired. The court held:

While the issue whether a person is mentally ill for purposes of the tolling statute is factual, the record before us demonstrates as a matter of law that the tolling statute is inoperative in the circumstances of this case. We cannot simply presume that because Dautremont was found to be mentally impaired he was mentally ill for the purposes of the tolling statute. To the contrary, Iowa Code Ann. § 229.27 provides:

> Hospitalization of a person under this chapter, either voluntarily or involuntarily, does not constitute a finding of nor equate with nor raise a presumption of incompetency, nor cause a person so hospitalized to be deemed a person of unsound mind nor a person under a legal disability for any purpose including ... [§] 614.8 [the tolling statute].

*Id.*

In the case at hand, there was never any mention by the experts that plaintiff was mentally ill, severely depressed, or was incapable of understanding her rights. The record does disclose plaintiff was depressed and had suicidal tendencies and experienced emotional distress. Plaintiff was last hospitalized from November 9, 1984, to January 4, 1985. Dr. Wassmuth diagnosed her condition at that time as "atypical depression without psychosis." He testified that at the time of her admission she had normal usage of speech, that she had no perceptual distortions, no hallucinations, that her memory was intact, her intellect was in the upper range, she had no cognitive impairment, and that she was able to deal with abstractions appropriately. He went on to testify that her condition got better during the course of her hospitalization.

Plaintiff's lawsuit was filed March 6, 1986. As such, she needed to be found mentally ill a year earlier on March 6, 1985, in order to fall within the mentally ill exception to extend the statute of limitations. Even if we were to accept plaintiff's argument that she was mentally ill since the alleged incidents of sexual abuse occurred in the fall of 1982 and throughout her subsequent hospitalizations, there is no evidence in the record that plaintiff suffered from a mental illness from the date of her last hospital discharge, January 4, 1985, until March 6, 1985. At the very latest, plaintiff had until January 4, 1986, to file this lawsuit due to her own expert's testimony that on January 4, 1985, she was mentally competent.

Because plaintiff did not commence this action within the appropriate statutory time period, we order this case be dismissed.

CASE DISMISSED.