**Donna BORCHARD, Appellant,**

v.

**Loyal "Pete" William ANDERSON, Jr., Appellee.**

No. 94–1816.

Supreme Court of Iowa.

Jan. 17, 1996.

Patricia Wengert of Smith, McElwain & Wengert, Sioux City, for appellant.

James E. Shipman and Chad M. VonKampen of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Plaintiff appeals from an order dismissing her suit for infliction of domestic abuse on a finding it was time barred. She contends, because she suffered from a posttraumatic stress disorder, the common-law discovery rule should have tolled the statute of limitations. We affirm.

The petition makes chilling reading. Plaintiff Donna Borchard and defendant Loyal "Pete" William Anderson, Jr. were married July 17, 1966. She alleges Anderson repeatedly committed acts of severe domestic abuse upon her. These alleged incidents involved violent beatings (including one occurring when plaintiff was eight months pregnant resulting in the loss of the couple's first child), verbal threats, sexual abuse, and destruction of personal property. Plaintiff said the family home had holes in the doors and the walls from objects thrown by Anderson during his tirades. She also claims Anderson terrorized her with a gun several times, threatening to shoot her. Finally, on July 17, 1981 (their fifteenth wedding anniversary), the parties were granted a dissolution of marriage.

While the dissolution ended plaintiff's alleged exposure to physical abuse, her emotional trauma continued. Eventually plaintiff sought help, and on July 19, 1993, she was diagnosed as suffering from posttraumatic stress disorder (PTSD). Causation was attributed to the alleged domestic abuse. We are told by one of the exhibits that characteristic features of PTSD include but are not limited to the following:

Stimuli associated with the trauma are persistently avoided. The person commonly makes deliberate efforts to avoid thoughts, feelings, or conversations about the traumatic event (criterion C1) and to avoid activities, situations, or people who arouse recollections of it (criterion C2).

This avoidance of reminders may include amnesia for an important aspect of the traumatic event (criterion C3). Diminished responsiveness to the external world, referred to as "psychic numbing" or "emotional anesthesia," usually begins soon after the traumatic event. The individual may complain of having markedly diminished interest or participation in previously enjoyed activities (criterion C4), of feeling detached or estranged from other people (criterion C5), or having markedly reduced ability to feel emotions (especially those associated with intimacy, tenderness, and sexuality) (criterion C6). The individual may have a sense of a foreshortened future (e.g., not expecting to have a career, marriage, children, or a normal life span) (criterion C7).

The individual has persistent symptoms of anxiety or increased arousal that were not present before the trauma. These symptoms may include difficulty falling or staying asleep that may be due to recurrent nightmares during which the traumatic event is relived (criterion D1), hypervigilence (criterion D4), and exaggerated startle response (criterion D5). Some individuals report irritability or outbursts of anger (criterion D2) or difficulty concentrating or completing tasks (criterion D3).

On December 21, 1993, plaintiff brought this suit against Anderson for damages to compensate her for the recently discovered PTSD. In an amended answer, Anderson alleged the affirmative defense of the statute of limitations and moved for summary judgment. Plaintiff resisted the motion for summary judgment, contending that a fact question remained about when she knew of her injury and its cause.

The district court found plaintiff's action to be of the same nature as an intentional tort, and thus applied the two-year statute of limitations of Iowa Code section 614.1(2) (1993). The court then concluded there were no genuine issues of material fact, that all elements of plaintiff's cause of action accrued during the marriage more than twelve years ago, and her recently discovered PTSD was merely a latent manifestation of earlier injuries of which she had long been aware. It thus held the discovery rule could not protect plaintiff's claim from being time barred. Summary judgment was accordingly entered against the plaintiff. The matter is before us on her appeal from this ruling.

I. Plaintiff first complains of a ruling that allowed an amendment to the answer. Anderson's first answer did not assert the statute-of-limitations defense. After receiving plaintiff's written responses to discovery requests, however, Anderson moved to amend his answer to assert this affirmative defense. Plaintiff claims Anderson's failure to raise the defense in his initial answer constituted waiver.

 It is well-settled that a trial court has broad discretion to permit an answer to be amended so as to set up the statute-of-limitations defense. *Phoenix Ins. Co. v. Dankwardt*, 47 Iowa 432, 433 (1877). Indeed such an amendment should be permitted with great liberality. *Conklin v. Towne*, 204 Iowa 916, 919, 216 N.W. 264, 266 (1927). If defendant's answer is properly amended to include a statute-of-limitations defense, no waiver occurs. *Groninger v. Davison*, 364 F.2d 638, 640 (8th Cir.1966). There was no abuse in the ruling; plaintiff's contention to the contrary is without merit.

II. Turning to the merits, our task is to determine whether a genuine issue of material fact exists and whether the law was correctly applied. Iowa R.Civ.P. 237(c); *Lihs v. Lihs*, 504 N.W.2d 890, 892 (Iowa 1993).

Plaintiff attributes her current condition to the domestic abuse allegedly encountered during her marriage to Anderson more than twelve years prior to the filing of this action. The statute of limitations for actions "founded on injuries to the person" is two years. Iowa Code § 614.1(2). Plaintiff's suit appears to be grounded in claims of assault, battery, and intentional infliction of emotional distress. Iowa Code section 614.1(2) thus provides the applicable limitations period. *See Rodgers v. Pennsylvania Life Ins. Co.*, 539 F.Supp. 879, 885 (S.D.Iowa 1982) (limitations period for claims of emotional distress is two years). Hence, unless she can establish an exception to the two-year statute of limitations, plaintiff's claim was correctly dismissed.

 She contends that such an exception does exist, arguing that statutory exemptions may apply. Two statutory exemptions are suggested. The first, Iowa Code section 614.8, extends the time for "mentally ill persons" to file an action by one year after such a disability terminates. According to Iowa Code section 4.1(15)

[t]he words *"mentally ill person"* include mental retardates, psychotic persons, severely depressed persons and persons of unsound mind. A person who is hospitalized or detained for treatment of mental illness shall not be deemed or presumed to be incompetent in the absence of a finding of incompetence made pursuant to section 229.27.

The issue whether a person is mentally ill for purposes of the tolling statute is factual. *Altena v. Altena*, 428 N.W.2d 315, 317 (Iowa App.1988). We think the record here demonstrates as a matter of law that Iowa Code section 614.8 does not apply. Although plaintiff has been diagnosed with PTSD, she provides absolutely no factual support that she was continually "mentally ill" within the meaning of the term for the past twelve years. *See Langner v. Simpson*, 533 N.W.2d 511, 523 (Iowa 1995) (stating "proof of depression—without more—is not proof ... of

mental illness"). She has dutifully raised her children, held a job, and even remarried. Because nothing suggests she was disabled to such an extent that she was unable to file her lawsuit, Iowa Code section 614.8 is inapplicable.

The second statutory exemption plaintiff suggests, Iowa Code section 614.8A, is also inapplicable. This section extends the period of time in which a person may file an action for damages for sexual abuse suffered as a child. The term "child" pursuant to this section means "one under the age of fourteen." *Doe v. Cherwitz*, 518 N.W.2d 362, 364 (Iowa 1994); *see also* Iowa Code § 599.1 (stating all minors attain their majority by marriage). Plaintiff was fifteen years old at the time of her marriage to Anderson. Therefore Iowa Code section 614.8A cannot save her claim.

■ In addition to statutory provisions, the common-law discovery rule can also provide an exception to the statute of limitations. *Chrischilles v. Griswold*, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967) (cause of action does not accrue until plaintiff has in fact discovered the injury or by exercise of reasonable diligence should have discovered it). Applied to the present case, plaintiff's claim accrued upon discovery of both (1) the domestic abuse, and (2) the nexus between that abuse and the claimed injury.

■ Plaintiff contends a genuine issue of material fact exists under both prongs of the discovery rule. She notes characteristics of PTSD include amnesia, suppression of memories, and numbing of emotions. From this observation, she attempts to make a leap of logic that she was unaware of any injury as a result of the domestic abuse. We have recognized that psychologically repressed memories may sometimes serve to toll the statute of limitations. *Callahan v. State*, 464 N.W.2d 268, 271–72 (Iowa 1990). Here, in contrast, plaintiff can make no cognizable claim that she repressed all memories of domestic abuse. For instance, during her 1981 divorce proceedings, she requested a temporary restraining order due to her husband's physical and mental abuse. Plaintiff must be charged with knowledge of an injury under the first prong of the discovery rule as early as 1981.

■ The heart of plaintiff's claim on appeal falls under the second prong of the discovery rule. She argues she did not understand the causal connection between the domestic abuse and her emotional difficulties until a number of years later (*i.e.*, in July of 1993 when she was diagnosed with PTSD). We nevertheless think plaintiff was aware of all the elements necessary to commence her action as early as 1981.

We have already pointed out that plaintiff was well aware of the physical abuse as it occurred. She could have sued for assault and battery at that time, *see Shook v. Crabb*, 281 N.W.2d 616, 619–20 (Iowa 1979) (abolishing interspousal tort immunity), and even recovered damages for emotional distress. *Hysell v. Iowa Pub. Serv. Co.*, 559 F.2d 468, 472 (8th Cir.1977); *Northrup v. Miles Homes, Inc. of Iowa*, 204 N.W.2d 850, 860 (Iowa 1973). Plaintiff responds that not until 1993 was she diagnosed with PTSD, the injury for which she is seeking compensation in this action. We considered late-discovered injuries in *LeBeau v. Dimig*, 446 N.W.2d 800, 802 (Iowa 1989), and found the cases fall into two categories. The first category was "pure latent" injury cases which arise

in one of three situations: a suit by a worker who contracts an occupational disease, a medical malpractice suit by a patient who discovers an injury long after the negligent medical treatment has been administered, or a product liability suit by a consumer of a drug or other medically related product who discovers a side effect from the use of the defendant's product. In each of the pure latent injury cases, the plaintiff fails to discover either the injury or its cause until long after the negligent act occurred.

*Id.* (citation omitted). We apply the discovery rule to this class of cases in order to prevent unfairly charging a plaintiff with knowledge of facts which are unknown and inherently unknowable. *Id.*

The second category of cases involves a "traumatic injury/latent manifestation." This may be described as

[a case] in which the plaintiff has sustained both immediate and latent injuries caused by a noticeable, traumatic occurrence. At the time of the traumatic event, the plaintiff realizes both that he [or she] is injured and what is responsible for causing the injury. The full extent of the harm, however, has not become manifest.

*Id.* We refuse to apply the discovery rule to this class of cases because of the specter of splitting causes of action and leaving a potential defendant's exposure to liability openended. *Id.* To do otherwise would vitiate the heart of the statute of limitations.

Under the facts here plaintiff's claim clearly falls into the second category of cases—traumatic injury/latent manifestation. She was aware the domestic abuse inflicted by Anderson was inappropriate[1] and that it caused her harm. She may not have known medically why and how this abuse had and still does affect her. The law however does not require such knowledge; the law requires only that she be aware of the existence of a problem. *Langner,* 533 N.W.2d at 518. Thus plaintiff's situation does not trigger the application of the discovery rule so as to extend the statute of limitations. *See* Russell G. Donaldson, Annotation, *Application of "Discovery Rule" to Postpone Running of Limitations Against Action for Damages from Assault,* 88 A.L.R.4th 1063, 1068 (1991) (noting the reported cases agree that ignorance of the extent of injury, once the fact of actual damages is known to the prospective plaintiff, is no basis for application of the discovery rule).

III. Plaintiff also urges us to create a special exception to the statute of limitations for PTSD, but we decline. We have noted the statute of limitations itself is an accommodation of competing interests:

The plaintiff wishes to have a reasonable time to bring the suit in order that he [or she] may identify the various acts of negligence, the parties responsible, and the extent of his [or her] damages. The defendant, on the other hand, seeks to avoid having to defend against stale claims because witnesses' memories may fade or other evidence may be lost. The limitation period is also designed to bring repose and an end to the assertion of claims. It must be admitted that in this area any bright line rule has the potential for providing a hardship in an individual case.

*LeBeau,* 446 N.W.2d at 803 (citation omitted).

The legislature has seen fit to craft various specific exceptions to the limitations period, including one for claims involving child sex abuse. *See* Iowa Code § 614.8A. Legislative intent is expressed by omissions as well as inclusions. *In re Marriage of Wessels,* 542 N.W.2d 486, 491 (Iowa 1995). Although we are enormously sympathetic to the plaintiff and the circumstances faced by PTSD patients, we are convinced it is for the legislature and not the courts to sort through the competing interests and decide whether the limitations period may be extended in the case of this particular psychological condition.[2] *See Shirley v. United States,* 832 F.Supp. 1324, 1328 (D.Minn.1993).

For the reasons we have explained the judgment of the trial court is affirmed.

**AFFIRMED.**

---

1. A body of cases suggests a plaintiff may not be charged with knowledge that certain actions are inappropriate in instances of (sexual) abuse by an "authority figure." *See generally* Annotation, *Posttraumatic Syndrome as Tolling Running of the Statute of Limitations,* 12 A.L.R.5th 546 (1993) (examining abuse by parents, teachers, and therapists). If we were to recognize such an "authority figure" exception, it would not apply here.

2. We have decided that the limitations period can be tolled for certain aspects of a psychological condition, namely repressed memories. *See Callahan,* 464 N.W.2d at 271–72. But we have not yet recognized a per se exception for a specific psychological condition.