**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2527
_____

| | |
|---|---|
| Linda Frideres, | * |
| | * |
| Appellee, | * |
| | * |
| Dean Frideres; Mollie Baas, | * |
| by her next friend, Linda | * |
| Frideres; Danielle Frideres, | * |
| by her next friend, Linda | * |
| Frideres, | * |
| | * Appeal from the United States |
| Plaintiffs, | * District Court for the Northern |
| | * District of Iowa. |
| v. | * |
| | * |
| Marlin Schiltz; Kathryn | * |
| Schiltz; Kenneth Schiltz, | * |
| | * |
| Appellants, | * |
| | * |
| Richard Schiltz, | * |
| | * |
| Defendant. | * |

_____

Submitted: February 13, 1997

Filed: May 19, 1997
_____

Before MAGILL, BEAM, and LOKEN, Circuit Judges.
_____

BEAM, Circuit Judge.

Defendants Marlin, Kathryn and Kenneth Schiltz appeal the district court's denial of their motions for summary judgment in this diversity action for damages.  We reverse.

## I.  BACKGROUND

Because this case is before us on appeal from the denial of a motion for summary judgment, we review the facts in the light most favorable to the nonmoving party, Frideres.  Plough v. West Des Moines Community Sch. Dist., 70 F.3d 512, 514 (8th Cir. 1995).  Frideres alleges that she was sexually abused as a child, between the ages of five and fourteen, by both her brother, Kenneth, and her father, Marlin.  According to Frideres, Kenneth was the primary abuser, but her father also sexually abused her on at least two occasions.  Frideres asserts that her mother failed to prevent the abuse and allowed it to continue.[1]  The last alleged incident of abuse occurred in 1967.  This action was filed in 1991.

Frideres has always retained some memory of the abuse, including certain specific events.  Indeed, she told her first husband, current husband, mother, sister, and priest about the abuse and her memories of it several years before she filed this action.  For example, in December 1988, Frideres's priest recommended that she seek professional help for the difficulties she was experiencing as a result of the abuse.  As early as 1982, Frideres sought help from her family physician for feelings of depression, at which time he recommended that she seek further professional help or try an antidepressant drug.

---

[1]For ease of reference, we will refer to Kenneth, Marlin and Kathryn, collectively, as defendants, unless individual actions are at issue.

In 1991, Frideres filed this diversity action seeking damages.[2] The defendants moved for summary judgment, arguing that the action was barred by the applicable statute of limitations. Because the issue was solely one of state law, the district court certified several questions to the Iowa Supreme Court. See Frideres v. Schiltz, 540 N.W.2d 261 (Iowa 1995). In answering the certified questions, that court stated, inter alia, that: (1) Iowa's current four-year statute of limitations for child sexual abuse did not apply retroactively to Frideres's claims; (2) the two-year statute of limitations for personal injuries in place at the time of the last alleged incident of abuse did apply to Frideres's claims; and (3) that the discovery rule was available to a person who has always remembered some acts of sexual abuse only in those instances where the nexus between the abuse and the claimed injuries is not discovered until a time less than two years prior to the commencement of the action. Id. at 267, 264, 269.

After considering the Iowa Supreme Court's decision and allowing supplemental briefing by the parties, the district court denied the defendants' motions for summary judgment. The district court found that a reasonable inference could be drawn that Frideres did not understand the connection between the abuse and her injuries, for purposes of the discovery rule, until some time within the two year period prior to the bringing of her action. The defendants sought, and were granted, leave to appeal that interlocutory decision by a panel of this court. Frideres v. Schiltz, No. 96-8067, Order (8th Cir. June 11, 1996). We now reverse the district court's denial of summary judgment.

---

[2]Originally, the complaint also named another brother, Richard, as a defendant and included claims by Frideres's husband and minor children. Richard and the remaining claims have been dismissed from the suit and those dismissals are not at issue in this appeal.

## II. DISCUSSION

The parties agree that Iowa law controls this diversity action. Under Iowa law, the applicable period of limitations, as determined by the Iowa Supreme Court, would have expired on July 1, 1973. <u>Frideres</u>, 540 N.W.2d at 264. Therefore, unless the statute of limitations has been tolled, this action is time barred.

Frideres argues that Iowa's discovery rule tolled the statute of limitations in this case. Iowa adopted the discovery rule as an exception to the normally applicable statute of limitations. <u>Chrischilles v. Griswold</u>, 150 N.W.2d 94, 100 (Iowa 1967). Under that rule, a statute of limitations is tolled until the time when a plaintiff knew or should have known of the injury and that injury's cause. As the Iowa Supreme Court has stated:

> The common law discovery rule requires that the plaintiff know or in the exercise of reasonable care should have known both the fact of the injury and its cause. Consequently, a person who has always remembered some specific act or acts of sexual abuse may rely on the discovery rule in those instances where the nexus between those specific acts and the claimed injuries is not discovered until a time less than two years prior to commencement of the action.

<u>Frideres</u>, 540 N.W.2d at 269. Under Iowa law, Frideres bears the burden of showing that the discovery rule applies. <u>Borchard v. Anderson</u>, 542 N.W.2d 247, 249 (Iowa 1996).

Frideres admits that she has always had some memories of the abuse, but denies that she knew of the causal relationship between the abuse and her injuries more than two years prior to filing her action. In response, the defendants argue that Frideres was at least aware of enough facts surrounding her abuse and injuries so

-4-

as to put her on inquiry notice more than two years prior to the commencement of this action.  Therefore, the defendants argue that the discovery rule does not save Frideres's claims.

Frideres argues that mere knowledge of her abuse does not mean that she knew of its causal link to her current problems.  She claims that not until 1990, when she began counseling with a clinical psychologist, did she become aware that the abuse she suffered as a child caused the problems she has been suffering as an adult.  At that time, while exploring the connection between the abuse and her present-day problems, Frideres began to experience suicidal tendencies, a need for self-injury to relieve stress, compulsive urges, fatigue, depression and marital difficulties.

We agree with Frideres that mere knowledge of abuse will not necessarily start the running of the limitations period in every case.  In this case, however, Frideres had enough knowledge linking the abuse and the resultant injuries, as evidenced by her visits to her family physician and priest in search of advice, to put her on inquiry notice more than two years prior to the commencement of this action.[3]  See Borchard, 542 N.W.2d at 251; Woodroffe v. Hasenclever, 540 N.W.2d 45, 49 (Iowa 1995).  As the Supreme Court of Iowa stated, "'the statute of limitations begins to run when a plaintiff first becomes aware of facts that would prompt a reasonably prudent person to begin seeking information as to the problem and its cause.'"  Woodroffe, 540 N.W.2d at 48 (quoting Franzen v. Deere & Co., 377 N.W.2d 660, 662 (Iowa 1985)).  At that time, a person is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation.  Sparks v.

---

[3]Even if Frideres recognized additional injuries after her treatment with her psychologist in 1990, this fact does not revive Frideres's claims for injuries occurring much earlier than this date.  Borchard, 542 N.W.2d at 250-51.

-5-

Metalcraft, Inc., 408 N.W.2d 347, 351 (Iowa 1987). Because Frideres remembered the abuse and was aware of enough of its effects to seek help more than two years prior to the commencement of her action, her action is time barred. We have considered the remainder of Frideres's arguments and find them to be without merit.

**III.  CONCLUSION**

Because we find Frideres's action is time-barred, we reverse the district court's denial of the defendants' motions for summary judgment.


A true copy.

   Attest:


      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-