**Wendy LeBEAU n/k/a Wendy LaDue, Appellee,**

v.

**Diane DIMIG, Appellant.**

**No. 88–1191.**

Supreme Court of Iowa.

Oct. 18, 1989.

Thaddeus Cosgrove, Holstein, and Joe Cosgrove of Yaneff & Cosgrove, Sioux City, for appellant.

Rodney D. Vellinga of Corbett, Anderson, Corbett & Daniels, Sioux City, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

LARSON, Justice.

The issue in this case is whether a plaintiff who sustained minor injuries in an accident and several years later developed epilepsy, allegedly caused by the accident, may avoid the two-year bar of Iowa Code section 614.1(2) (1987) on the basis that her epilepsy was not "discovered" within the statutory period. The district court held that the issue of when the epilepsy was or should have been discovered was a factual issue and therefore denied summary judgment. The court of appeals reversed, holding that the two-year period began with the original injuries on the date of the accident and that, as a matter of law, her claim for other injuries was barred by section 614.-1(2). We affirm the decision of the court of appeals and reverse the district court.

On November 12, 1983, Wendy LaDue was a passenger in a car which slid into a ditch near Danbury, Iowa. She sustained head and neck injuries which, she was advised, were relatively minor. Her medical expenses, totaling less than $200, were paid by the driver, Diane Dimig. No litigation resulted from LaDue's neck and head injuries, nor was any type of release executed by her. In August 1985, LaDue was diagnosed as having epilepsy, and on July 31, 1987, she sued Dimig, claiming that the epilepsy was caused by the 1983 accident.

Dimig raised the two-year statute of limitations of Iowa Code section 614.1(2) (1987) and filed a motion for summary judgment, claiming that no issue of material fact existed as to the running of the statute on November 12, 1985, two years after the accident. LaDue resisted, claiming that under our "discovery" rule the statute of limitations on her epilepsy claim did not begin to run until August 1985, when the epilepsy was diagnosed, giving her until August 1987 to file her action.

Iowa Code section 614.1 provides that actions for torts must be commenced within two years "after their causes accrue." We have held, however, that a statute of limitations should not bar a plaintiff who is unaware of the accrual of a claim and could not have been aware of it in the exercise of reasonable diligence. *Chrischilles v. Griswold*, 260 Iowa 453, 462–63, 150 N.W.2d 94, 100–01 (1967).

The general rule is that an action "accrues" when all of the elements are known, or in the exercise of reasonable care should have been known, to the plaintiff. *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985). Here, LaDue knew immediately of the defendant's negligence and that she had sustained injuries as a result. It would appear, therefore, that this case is one which does not call for the application of the discovery rule; she was immediately aware of all of the elements necessary to commence her action.

The issue raised in this appeal, however, is apparently one of first impression: When an incident occurs causing minor injuries and later more serious injuries ap-

pear, does the plaintiff's cause of action "accrue" for statute of limitations purposes at the time of the first injury; at the time of the later manifestation of another injury; or are there two time periods, one commencing with the first injury and the other upon discovery of the second injury?

Cases involving late-discovered injuries have been said to fall into two groups: the "pure latent" injury case, which

> arises in one of three situations: a suit by a worker who contracts an occupational disease, a medical malpractice suit by a patient who discovers an injury long after the negligent medical treatment has been administered, or a product liability suit by a consumer of a drug or other medically related product who discovers a side effect from the use of the defendant's product. In each of the pure latent injury cases, the plaintiff fails to discover either the injury or its cause until long after the negligent act occurred.

*Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 230 (5th Cir.1984).

Application of the discovery rule to this class of cases has been said to be necessary to prevent the unfairness of charging a plaintiff with knowledge of facts which are "unknown and inherently unknowable." *Urie v. Thompson*, 337 U.S. 163, 169, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282, 1292 (1949). *See generally Prosser & Keeton on the Law of Torts* § 30, at 165–67 (1984); Annotation, *When Statute of Limitations Begins to Run as to Cause of Action for Development of Latent Industrial or Occupational Disease*, 1 A.L.R.4th 117 (1980).

The second type of case involves a "traumatic event/latent manifestation." This is said to be

> one in which the plaintiff has sustained both immediate and latent injuries caused by a noticeable, traumatic occurrence. At the time of the traumatic event, the plaintiff realizes both that he is injured and what is responsible for causing the injury. The full extent of the harm, however, has not become manifest.

*Albertson*, 749 F.2d at 231. This is the case we have before us.

The plaintiff in this case makes a compelling argument that the two-year statute should not begin to run at the time of the accident, because while she was immediately aware of *some* injury, she was not aware of this particular injury. Nor, according to her, could the injury have been discovered within the two-year period. For purposes of summary judgment, we accept these facts.

The legal impact of LaDue's argument is significant. She suggests that, notwithstanding the fact that a plaintiff has been reimbursed for medical expenses, as she was, or even that a plaintiff has already gone to trial on the original injuries, newly discovered injuries could be the basis of a new claim. To hold otherwise, she claims, would encourage lawsuits over virtually every minor injury if a claimant fears that later, more significant, injuries might appear.

The counterarguments are apparent. The wisdom of a rule which would allow splitting of a cause of action and successive lawsuits arising out of the same incident would be questionable. A potential defendant's exposure to liability would be open-ended. Even going through a lawsuit would not guarantee that a defendant had seen the end of the matter.

There would also be the prospect of two or more statutes of limitations for actions based on the same incident. Here, LaDue sustained injuries to her head and neck which were immediately known to her. The statute of limitations would begin to run immediately as to those injuries. Under her theory, there would be a second period of limitations commencing at a later time with the discovery of her epilepsy. The specter of splitting causes of action and providing separate statutes of limitation for successive injuries caused the Fourth Circuit, applying Virginia law, to reject the concept. *Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1204–05 (4th Cir.1986).

While fairness to a plaintiff provides justification for the discovery rule, we believe

fairness to a defendant must temper the application of the rule. The reasonable expectations of a defendant as to when exposure to liability will be terminated, which lie at the heart of the statute of limitations, would be seriously eroded if we were to adopt LaDue's theory. The practical problems, already discussed, further militate against it.

The West Virginia Supreme Court, in addressing a similar question, stated:

Behind this labeling process [in a "traumatic event/latent manifestation" case] lies the fundamental struggle that courts engage in, which is to balance the rationale for statutes of limitations with the counterveiling claim of the injured plaintiff that he should not be barred access to the courts because of ignorance over the true extent of his damages.

Of course, the very setting of a time period for bringing suits is in itself an accommodation of competing interests. The plaintiff wishes to have a reasonable time to bring the suit in order that he may identify the various acts of negligence, the parties responsible, and the extent of his damages. The defendant, on the other hand, seeks to avoid having to defend against stale claims because witnesses' memories may fade or other evidence may be lost. The limitation period is also designed to bring repose and an end to the assertion of claims. It must be admitted that in this area any bright line rule has the potential for providing a hardship in an individual case.

There are sound reasons for applying the ordinary period of limitations for personal injuries where the plaintiff has received through a traumatic event some immediate injury even though he is not aware of the full extent of this injury. In this situation, the plaintiff under our current law, if he is under no disability, has two years in which to file his suit. During this period, he is able to explore the nature and extent of his injuries.

*Jones v. Trustees of Bethany College*, 351 S.E.2d 183, 186 (W.Va.1986) (footnote omitted). The *Jones* court rejected the argument now proposed by LaDue, as have the courts in *Albertson*, 749 F.2d at 231–33, and *Caudill v. Arnett*, 481 S.W.2d 668, 669–70 (Ky.App.1972) (Minor injuries were sustained at the time of the accident and chronic pancreatitis developed later, allegedly caused by the accident. The court held the statute of limitations commenced with the first injury, not the later-discovered injury.).

The court in *Jones* pointed out that, even after the two years provided for filing of the claim, additional time will be consumed in such matters as discovery and further pleading, and that the net effect is to allow a potential plaintiff a considerable length of time in which additional injuries may become apparent. 351 S.E.2d at 187.

Because there appear to be no disputed fact issues as to the knowledge of the plaintiff of the necessary elements for bringing her cause of action within the two-year statute of limitations, based on her initial injuries, we believe the discovery rule is inapplicable. We therefore affirm the court of appeals decision and reverse the judgment of the district court.

DECISION OF COURT OF APPEALS AFFIRMED; JUDGMENT OF DISTRICT COURT REVERSED.