**Kenneth Leroy NIELSEN, Petitioner–Appellant,**

v.

**FREMONT–MILLS COMMUNITY SCHOOL and Employers Mutual Companies, Respondents–Appellees.**

**No. 92–1442.**

Court of Appeals of Iowa.

June 29, 1993.

Steven C. Jayne, Des Moines, for petitioner-appellant.

Gregory G. Barnsten of Smith, Peterson, Beckman & Willson, Council Bluffs, for respondents-appellees.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The issue in this appeal is whether petitioner-appellant Kenneth LeRoy Nielsen's claim for workers' compensation was brought within two years of the date of the injury so as not to be barred by section 85.26(1) (1991). The deputy industrial commissioner and district court held it was not timely filed and, consequently, was barred. We affirm.

Nielsen claims that on December 15, 1981, during the course of his employment with respondent-appellee Fremont–Mills Community School, he slipped and fell. He contends he orally reported the fall to the school principal.

On March 11, 1982, Nielsen sent a letter to the school advising the school he was unable to work because of the injury. He was contacted by a representative of respondent-appellee Employers Mutual Companies.

Nielsen, who had polio when he was young, suffered problems with his legs and back because of the disease. Following the fall, he saw a number of doctors who he claimed did not discover his back injury because it was masked by problems caused by his polio.

On December 17, 1984, Nielsen filed a petition seeking benefits for the December 15, 1981, fall.

Nielsen recognized his petition was not filed within two years as required by section 85.26(1). He contended, however, he did not discover that his back for which he sought compensation was injured in the fall until January 6, 1983.

A hearing was held. The deputy industrial commissioner filed a proposed decision concluding the employer proved Nielsen failed to bring his action within two years of the date of the alleged injury. In addition, the deputy

concluded Nielsen failed to prove the discovery rule was applicable. The deputy found Nielsen knew he fell and it was a traumatic fall. He reported it to the principal of the school, he saw a physician and continued to pursue treatment with several physicians. In addition, he wrote a letter in March 1982 asserting a workers' compensation claim, and he filed claims for credit income disability insurance in December 1982 due to his December 1981 back injury. The deputy found the documentary evidence showed Nielsen was aware of the fact he not only injured both his back and his leg, but the injury was so severe that he was totally unable to work.

Nielsen appealed the deputy's decision to the industrial commissioner. The industrial commissioner affirmed the deputy's decision. The industrial commissioner concluded Nielsen's back injury was not subject to the discovery rule because his injury flowed from an identified, traumatic injury. In addition, the industrial commissioner concluded that even if the discovery rule were to be applied, Nielsen's claim would be barred by Iowa Code section 85.26(1) because the documentary evidence in this case supports the conclusion he knew he injured both his back and his leg as a result of the work-related fall on December 15, 1981.

Nielsen contends the discovery rule should have been applied to toll the limitation period.

 The discovery rule is available to the claimant. *Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 262 (Iowa 1980). Under the discovery rule, the period of limitation does not begin until the claimant knows of his injury and its probable compensable nature. *Dillinger v. City of Sioux City*, 368 N.W.2d 176, 180 (Iowa 1985).

 Nielsen has the burden in an arbitration proceeding to prove a factual basis for application of the rule.

Nielsen knew immediately that he had fallen and suffered some injury while employed by Fremont–Mills Community Schools.

Nielsen realized at the time both that he was injured and the school district had responsibility for the injury because he was working for them when it occurred. He just was not aware of back problems he was to later claim were associated with the fall.

 Because there is no dispute as to the issue of Nielsen's knowledge of the necessary elements for filing a petition for arbitration within the statutory period based on his initial injuries, the discovery rule is not applicable. *LeBeau v. Dimig*, 446 N.W.2d 800, 803 (Iowa 1989).

We affirm.

**AFFIRMED.**