# IN THE COURT OF APPEALS OF IOWA

No. 21-1293
Filed November 2, 2022

**JUSTEENA WOLODKEWITSCH,**
    Plaintiff-Appellant,

**vs.**

**TPI IOWA, LLC, TPI COMPOSITES, INC., RYAN HOENICKE, CLEO BOYD, TERRY VAN HUYSEN, OCCUPATIONAL MEDICINE PLUS, P.C. and DANIEL MILLER,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

An employee appeals the district court's granting of summary judgment in favor of her former employer and others in a suit arising out of her employment. **AFFIRMED.**

Gary Dickey and Matthew Sahag of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Michael L. Storey, Loree A. Nelson, and Jennifer H. De Kock of Lamson Dugan & Murray LLP, West Des Moines, for appellees Occupational Medicine Plus, P.C., and Daniel Miller.

Lindsay A. Vaught, Jason Craig, and Olivia D. Brooks (until withdrawal) of Ahlers & Cooney, P.C., Des Moines, for appellees.

Heard by Vaitheswaran, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VAITHESWARAN, Presiding Judge.**

An employee sued her former employer and others for injuries arising out of her employment. The district court granted the defendants' summary judgment motions. On the employee's appeal, we must decide whether genuine issues of material fact precluded summary judgment and whether the court erred in its rulings. *See Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 76 (Iowa 2022) ("Summary judgment is proper when the moving party has shown there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (citation omitted)).

The following facts are undisputed. In 2015, Justeena Wolodkewitsch began working at TPI Iowa, a manufacturing facility in Newton, as an associate in the molding department. Her work exposed her to hazardous curing agents or adhesives. One of them was associated with specified types of toxicity while another had several side effects, including skin irritation. Wolodkewitsch received treatment for rash and asthma attacks. In mid-2016, TPI also referred her to Dr. Daniel Miller. He performed a test that was negative for allergies, and he returned Wolodkewitsch to work, with restrictions. Toward the end of that year, Wolodkewitsch saw a pulmonologist. He took her off work at the end of January 2017.

Wolodkewitsch filed a workers' compensation claim against TPI Composites alleging injuries due to workplace exposure. The claim was settled.

On July 14, 2020, Wolodkewitsch filed suit against TPI Iowa, LLC; TPI Composites, Inc.; safety manager Ryan Hoenicke; human resources director Cleo Boyd; and general manager Terry Van Huysen, as well as Occupational Medicine

Plus, P.C. and Dr. Miller. She alleged she "broke out with bumps and rashes on her body due to the chemicals [she] was working with at TPI Iowa"; Dr. Miller "diagnosed [her] with allergic contact dermatitis, unspecified cause"; the "skin breakouts continued to worsen" as did her "respiratory symptoms"; she "was rushed from TPI Iowa to the hospital via ambulance due to breathing issues"; and "[i]n January of 2017, [her] medical providers instructed her to remain off work, and she did not return to work at TPI Iowa." She further alleged that, "[o]n September 23, 2019, [she] was diagnosed with constrictive bronchiolitis."

Based on these undisputed factual allegations, Wolodkewitsch raised the following claims: (I) gross negligence against Hoenicke, Boyd, and Van Huysen; (II) fraud against TPI Composites, TPI Iowa, Hoenicke, Boyd, and Van Huysen; (III) negligence against TPI Composites; (IV) breach of fiduciary care against TPI Composites, TPI Iowa, Hoenicke, Boyd, and Van Huysen; (V) medical malpractice against Occupational Medicine and Miller; and (VI) punitive damages against all the defendants.

The defendants moved for summary judgment on several grounds. The district court granted the motions on statute-of-limitations grounds as to Counts I, III, and V, and on the ground that the workers' compensation statutes afforded the exclusive remedy as to Counts II and IV. Because those claims for actual damages were not viable, the court also granted summary judgment on the punitive-damages claim contained in Count VI, thereby resolving the entire case.

**I.** **Statute of Limitations: Counts (I) Gross Negligence, (III) Negligence, and (V) Medical Malpractice**

Iowa Code section 614.1(2) (2020) sets forth a two-year limitations period for claims "founded on injuries to the person." The two-year period triggers "after their causes accrue." Iowa Code § 614.1; *see Skadburg v. Gately*, 911 N.W.2d 786, 792 (Iowa 2018) ("[O]ur inquiry does not focus on when [the defendant's] negligence occurred. Rather, the question is when her cause of action accrued."). "No cause of action accrues until the . . . act or omission, which constitutes the breach of duty, produces actual injury to the plaintiff's interest." *Id.*; *see also Vossoughi v. Polaschek*, 859 N.W.2d 643, 649 (Iowa 2015) ("Claims based on negligence do not accrue, and the statute of limitations does not begin to run, until the injured plaintiff has actual or imputed knowledge of all the elements of the action.").

The district court summarized the medical evidence in the summary judgment record and determined "Wolodkewitsch knew as early as January 2017 . . . she suffered an injury to her respiratory system and she knew it was caused by her exposure to dust and chemicals at TPI." The court noted that "[h]er actions in filing a workers' compensation claim on February 17, 2017 confirmed she understood based upon [the medical evidence] she had suffered an injury and she knew the cause was the work environment at TPI." The court concluded the two-year limitations period began to run "no later than" the date of her workers' compensation filing, and her failure to bring the gross negligence and negligence claims against the TPI defendants within two years of that filing rendered them "time barred."

The district court accurately summarized the undisputed medical evidence and the details of the workers' compensation claim. We find it unnecessary to repeat those facts. We turn to the court's legal conclusion.

"The general rule is that an action 'accrues' when all of the elements are known, or in the exercise of reasonable care should have been known, to the plaintiff." *Le Beau v. Dimig*, 446 N.W.2d 800, 801 (Iowa 1989). In *LeBeau*, the court pointed out that the plaintiff "knew immediately of the defendant's negligence and that she had sustained injuries as a result." *Id.* The court suggested the case did "not call for the application of the discovery rule" because the plaintiff "was immediately aware of all of the elements necessary to commence her action." *Id.* The court later confirmed, "Because there appear to be no disputed fact issues as to the knowledge of the plaintiff of the necessary elements for bringing her cause of action within the two-year statute of limitations, based on her initial injuries, we believe the discovery rule is inapplicable." *Id.* at 803.

The same is true here. Wolodkewitsch knew the necessary elements of her negligence and gross negligence claims against the TPI defendants by February 2017, when she filed her workers' compensation claim. She did not file her civil petition until 2020, well over two years later. Accordingly, we conclude the district court did not err in granting summary judgment on Counts I and III pursuant to the two-year limitations period set forth in Iowa Code section 614.1(2). While we reach our conclusion under the definition of "accrue" rather than the common law discovery rule, the result is the same.

In concluding the two-year limitations period barred those counts, we have considered *Rock v. Warhank*, 757 N.W.2d 670, 676 (Iowa 2008), cited by

Wolodkewitsch. There, the court applied the discovery rule applicable to medical malpractice actions. The court concluded, "[T]he record does establish as a matter of law that [the plaintiff] could not have known, and would not have known through reasonable diligence, of her injury (the spread of cancer) and its cause (the misdiagnosis) more than two years prior to filing this action." Because Wolodkewitsch did not allege medical misdiagnosis in Counts I and III of her petition, the medical malpractice limitations period and the associated discovery rule were inapplicable.

Wolodkewitsch did allege medical malpractice in Count V. Iowa Code section 614.1(9) states such an action must be brought "within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of, the injury or death for which damages are sought in the action, whichever of the dates occurs first." Wolodkewitsch argues she "did not know the cause in fact of her injury until October 16, 2020, when [her expert] informed her that [Dr. Miller] was negligent." The medical defendants respond that once she "knew [another doctor] took her off work in January 2017, she was on inquiry notice to investigate" Dr. Miller's conduct "only six months earlier" and whether it "was the cause in fact of her injuries."

The district court determined the medical malpractice limitations period began "no later than" the date on which Wolodkewitsch filed her workers' compensation claim, "when [she] confirmed she understood she suffered an injury and it was caused by her work environment at TPI." We discern no error in the court's conclusion. *See Crow v. Jabbari*, No. 19-1566, 2020 WL 4201688, at *4 (Iowa Ct. App. July 22, 2020) (stating "[t]he triggering event for the limitations

period is the date when the plaintiff has actual or imputed knowledge of both her injury and its cause in fact" (citing *Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 461 (Iowa 2008))). We affirm the district court's grant of summary judgment on Count V pursuant to the two-year limitations period set forth in section 614.1(9).

## II. Exclusivity of Workers' Compensation Statutes: Counts (II) Fraud and (IV) Breach of Fiduciary Care

Iowa Code section 85.20 (2020) reads in part: "The rights and remedies provided in this chapter, chapter 85A, or chapter 85B for an employee . . . on account of injury . . . shall be the exclusive and only rights and remedies of the employee . . . ." The district court concluded this provision foreclosed Wolodkewitsch's fraud and breach-of-fiduciary-care claims. The court reasoned that "the damages [Wolodkewitsch] seeks are the types that are covered under the workers' compensation act."

Wolodkewitsch argues the intentional tort claims should not be subject to this provision because those claims originate from conduct arising after the conduct causing her injury. But, as the district court stated, "the gist of her claim[s] [was] for bodily injury and/or wages." *See Nelson v. Winnebago Indus., Inc.*, 619 N.W.2d 385, 389 (Iowa 2000) (stating "gist of suit" was not for nonphysical injuries but for personal injuries and loss of income and earning capacity).

We recognize the supreme court reached a contrary conclusion in *Wilson v. IBP, Inc.*, 558 N.W.2d 132, 137 (Iowa 1996). But there, the court concluded the gravamen of the defamation and breach-of-fiduciary-duty claims was not "a general dispute involving [the plaintiff's] overall dissatisfaction with the care he received" but "alleged intentional torts committed by [an occupational nurse] in the

period preceding and during his treatment." That is not the case here. As the district court determined, Wolodkewitsch's fraud and breach-of-fiduciary-care claims sought damages for the same injuries supporting her receipt of benefits under the workers' compensation statute. We conclude the district court did not err in granting summary judgment on Counts II and IV on the ground that they were foreclosed by the exclusivity provision contained in Iowa Code section 85.20.[1]

We are left with the punitive-damages count. In the absence of viable claims for actual damages, we conclude the district court did not err in granting summary judgment on that count. Wolodkewitsch does not argue otherwise. Having affirmed the dismissal of all counts, we find it unnecessary to address the defendants' remaining grounds for affirmance.

**AFFIRMED.**

---

[1] To the extent Wolodkewitsch argues the individual TPI defendants were co-employees who were not subject to the exclusivity language for claims of gross negligence under section 85.20(2), we agree with the defendants that her claims are "duplicative of" the claim asserted in Count I, the dismissal of which we have affirmed on statute-of-limitations grounds.